# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES POINTER, | ) |
| Plaintiff, | ) |
| | ) No. 4:19-cv-28-PLC |
| v. | ) |
| WALMART CORPORATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Charles Pointer for leave to proceed *in forma pauperis* in this employment discrimination action. Having reviewed the financial information provided in support, the Court finds that plaintiff is unable to pay the filing fee. The motion will therefore be granted. In addition, for the reasons explained below, the Court will dismiss the individual defendants from this action, and direct the Clerk of Court to issue process upon the complaint as to defendant Walmart.

## The Complaint

Plaintiff filed the instant complaint in this Court on January 9, 2019, alleging employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and on the basis of disability in violation of the Americans with Disabilities Act ("ADA"). Attached to the complaint is, *inter alia*, a copy of a right to sue letter from the Equal Employment Opportunity Commission dated December 14, 2018, and a copy of plaintiff's charge of discrimination form.

Briefly, plaintiff alleges that, on or about November 12, 2018, he was discriminated against on the basis of race, age, and disability when he was not hired at the Walmart store in Kirkwood, Missouri. He states he was qualified for the job, and that there were no non-discriminatory reasons for him not to be hired. He brings the instant complaint against Walmart, and against two individuals: Johanna Unknown, and Rick Unknown. Johanna Unknown is identified as the hiring coordinator, and Rick Unknown is identified as the shipping and receiving manager. Plaintiff seeks monetary relief, and he asks that he be hired.

## Discussion

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Here, plaintiff filed an administrative charge alleging that, on or about November 12, 2018, he was discriminated against on the basis of race, age, and disability when he was not hired at the Walmart store in Kirkwood, Missouri. The EEOC mailed him a right to sue letter on December 14, 2018, giving him ninety days in which to file a lawsuit. Plaintiff filed this action within that ninety day period. It appears, therefore, that plaintiff's lawsuit is timely, and that he has exhausted his administrative remedies. The Court will therefore allow this case to proceed against Walmart. However, the Court will dismiss the individual defendants from this case. Individual employees cannot be held liable under Title VII or the ADA. *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam) (Title VII), *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (the ADA). Additionally, this District Court and other courts have held that individual employees cannot be held liable under the ADEA. *See Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under

the ADEA"); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) (the ADEA provides no basis for individual liability for supervisory employees); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) ("the ADEA limits civil liability to the employer.").

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. In addition, the motion is premature, as no defendant has been served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendants Johanna Unknown and Rick Unknown are hereby **DISMISSED** from this cause of action. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Walmart via its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Dated this ___28th____ day of January, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE