**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES POINTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-28 PLC |
| | ) |
| WALMART CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Walmart's motion for partial dismissal [ECF No. 19] and Plaintiff Charles Pointer's motion for sanctions [ECF No. 22]. For the reasons that follow, Defendant's motion is granted and Plaintiff's motion is denied.

**I.    Procedural and Factual Background**

The facts, as alleged in the complaint are as follows: Plaintiff is African American, disabled, and over forty years old. [Id. at 7] On November 12, 2018, he applied for a job at Defendant's store in Kirkwood, Missouri. Based on a pre-screening test, the hiring coordinator informed Plaintiff that "he could not work good with people." [Id.] The hiring coordinator introduced Plaintiff to the shipping and receiving manager ("the manager"), who gave Plaintiff a tour of the facility. During the tour, Plaintiff informed the manager that he received dialysis treatments from 6:30 a.m. to 11:00 a.m., but he assured the manager that "it would not interfere with his work schedule at Walmart." [Id. at 12-13] After the tour, the manager and hiring coordinator conferred. [Id. at 13] The hiring coordinator subsequently called Plaintiff into her office and informed him, "You would be too slow working in a fast paced work place taking products off the truck and placing products on the shelves." [Id.]

Plaintiff filed this *pro se* employment discrimination against Defendant under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq.[1] [ECF No. 1] Plaintiff alleged that Defendant discriminated against him on the basis of race, age, and disability in failing to hire him and failing to accommodate his disability.[2] Plaintiff also alleged claims of disparate treatment and disparate impact based on race. Plaintiff seeks compensatory and punitive damages and requests that Defendant "give him a job like greeting customers coming into the store or putting goods on the shelves." [Id. at 8]

Defendant moves for partial dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 19] Defendant argues that Plaintiff failed to properly plead claims for race discrimination and disparate treatment and failed to exhaust his administrative remedies for a disparate-impact claim. Plaintiff opposes Defendant's motion for partial dismissal and, additionally, seeks sanctions against Defendant for "malicious prosecution." [ECF Nos. 22, 27]

**II. Legal Standard**

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim satisfies the

---

[1] Plaintiff included as defendants a hiring coordinator and shipping and receiving manager. [ECF No. 1] On January 28, 2019, the Court dismissed Plaintiff's claims against the individual employees. [ECF No. 5]

[2] In his employment discrimination complaint form, Plaintiff also checked the space alleging that the "terms and conditions of my employment differ from those of other employees." [ECF No. 1 at 6] Because Defendant did not hire Plaintiff, Plaintiff cannot state a claim based on the terms and conditions of employment.

plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In applying these principles, a court must construe a plaintiff's *pro se* complaint liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Thus, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (quoting Stone, 364 F.3d at 915). However, a *pro se* complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

### III. Discussion

#### A. Defendant's motion for partial dismissal

1. Race discrimination

Defendant moves for dismissal of Plaintiff's race discrimination claim because Plaintiff "failed to plead a single actionable allegation related in any way to his race." [ECF No. 19-1 at 5] More specifically, Defendant asserts that Plaintiff failed to allege sufficient facts to support an inference that Defendant's decision not to hire Plaintiff was based, at least in part, on Plaintiff's race. In response, Plaintiff reiterates his allegations that: (1) Plaintiff was African American; (2) Plaintiff was qualified for the job; (3) "Defendant kept on hiring people after they did not hire" Plaintiff; and (4) "Defendant did not give Plaintiff a non-discriminatory reason for not hiring him." [ECF No. 27 at 1]

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

3

compensation, terms, conditions, or privileges of employment, because of such individual's race…." 42 U.S.C. § 2000e-2(a)(1). To state a claim for discriminatory failure to hire, a plaintiff must show that: (1) he belonged to a protected class; (2) he applied and was qualified for a job for which the defendant was seeking applicants; (3) the defendant rejected the plaintiff; and (4) after rejecting the plaintiff, the defendant continued to seek applicants with the plaintiff's qualifications. E.E.O.C. v. Audrain Health Care, Inc., 756 F.3d 1083, 1087 (8th Cir. 2014). Although it is not necessary for an employment discrimination plaintiff to plead the elements of the prima facie case to withstand a motion to dismiss for failure to state a claim, some facts are necessary to establish the existence of a plausible claim. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

Here, Plaintiff plead only one conclusory allegation of race discrimination: "Plaintiff met the requirements and qualifications described in [Defendant's] job description[, but Defendant] continued to hire younger candidates and not African Americans to fill shipping and receiving positions." [ECF No. 1 at 16-17] Significantly, Plaintiff did not plead factual allegations suggesting any connection between his race and Defendant's decision not to hire him. Nor did Plaintiff plead facts showing that job candidates of a different race were treated differently. A recitation of the elements of an employment discrimination claim, without any supporting facts, does not establish the existence of a plausible claim. Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1015 (8th Cir. 2013) (the plaintiff's "conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level.") Accepting all of Plaintiff's allegations as true, there is no basis on which a reasonable inference of racial

4

discrimination can be drawn. Therefore, the Court dismisses Plaintiff's race discrimination claim.

2. Disparate treatment

Defendant moves to dismiss Plaintiff's disparate treatment claim on the ground that Plaintiff "fails to plead that he was similarly situated with the [white] employee he alleges was treated more favorably than him." [ECF No. 19-1 at 7] Plaintiff counters that he stated a claim for disparate treatment because Defendant "failed to write him a non-discriminatory reason for not hiring him" and "Plaintiff was not given an opportunity to see if he needed an accommodation." [ECF No. 27 at 3]

Disparate treatment occurs "where an employer has 'treated [a] particular person less favorably than others because of' a protected trait." Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 985-86 (1988)). To state a claim for disparate treatment, a plaintiff must allege "facts or circumstances that give rise to an inference of discrimination based on his race," for example that "similarly situated employees of another race received different treatment." Gage v. Brennan, No. 4:17-CV-2872-CAS, 2018 WL 3105418, at *5 (E.D. Mo. June 25, 2018) (citing Gibson v. Am. Greeting Corp., 670 F.3d 844, 853-54 (8th Cir. 2012)).

In his complaint, Plaintiff alleged that he was treated differently than a white employee on the basis of his race. Plaintiff stated:

> Disparate treatment took place when a white employee came into personnel and asked for an accommodation. She indicated her hands shaked [sic] when counting money and asked [the hiring coordinator] could she have a stool to sit on when waiting on customers purchasing their goods. [The hiring coordinator] immediately made plans to get her a stool. If Plaintiff who was black was considered too slow, [the hiring coordinator] could have given him another job in the company.

5

[ECF No. 1 at 20-21]

Plaintiff did not plead any facts showing that he was similarly situated to the white employee. See Jones v. Douglas Cty. Sheriff's Dep't, 915 F.3d 498, 500 (8th Cir. 2019). To the contrary, the facts alleged demonstrate that Plaintiff and the white employee were not similarly situated. The white employee was an employee, not a job candidate, and she did not perform the job for which Plaintiff applied. Further, Plaintiff was not similarly situated to the white employee because he neither requested an accommodation nor required the same type of accommodation. The white employee allegedly requested and received a stool because her hands shook. However, Plaintiff claimed that the appropriate accommodation for his being "too slow" was "another job in the company." Accepting Plaintiff's allegations as true, there is no basis on which a reasonable inference of race discrimination can be drawn. The Court therefore dismisses Plaintiff's disparate treatment claim.

3. Disparate impact

Defendant contends that Plaintiff failed "to state a claim upon which relief can be granted on a disparate impact theory because he failed to exhaust his administrative remedies." [ECF No. 19-1 at 8] Plaintiff counters that he properly exhausted his administrative remedies because he "filed this action within that ninety day period" after receiving his right-to-sue letter. [ECF No. 27 at 2]

"Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the

EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." Id. (citing 42 U.S.C. § 2000e-5(b), (c), (e)). See also Pointer v. Mo. Dep't of Corr., 105 Fed. Appx. 120 (8th Cir. 2004)).

"To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (quoting Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988)). However, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge…." Id. (quoting Williams, 21 F.3d at 223). Therefore, "[t]he breadth of the civil suit is…as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." Id. (quoting Stuart v. Gen. Motors, 217 F.3d 621, 630-31 (8th Cir. 2000)).

Here, there is no dispute that Plaintiff timely filed a charge of discrimination. Defendant argues, however, that the charge did not allege a disparate-impact claim. To prove discrimination under a disparate-impact theory, a plaintiff "must identify…a facially-neutral employment practice [and] demonstrate a disparate impact upon the group to which he or she belongs." Lewis v. Aerospace Cmty. Credit Union, 114 F.3d 745, 750 (8th Cir. 1997). See also Bennet v. Nucor Corp., 656 F.3d 802, 817 (8th Cir. 2011). Unlike disparate treatment, which "involves *intentional* discrimination against an individual (or group of individuals)," disparate impact "involves *unintentional* discrimination." Brown v. Ameriprise Fin. Servs. Inc., 707 F.Supp.2d 971, 976 (D. Minn. 2010) (emphasis in original). Because "the two concepts are

7

analytically distinct….exhaustion of one type of claim typically does not exhaust the other." Id. See also Jeffery v. St. Louis Fire Dep't, 506 S.W. 394, 399 (Mo.App. 2016).

Plaintiff's charge of discrimination, which is attached as an exhibit to Plaintiff's complaint, did not reference a facially neutral employment policy or practice. [ECF No. 1-1] Rather, Plaintiff's charge stated that after he "interviewed with the shipping and receiving department manager" and "told the manager that I receive [dialysis] treatment three times per week to treat my disability," the "hiring coordinator told me that she did not believe that I would be a 'good fit.'" [Id. at 1] In his complaint, however, Plaintiff raised for the first time claims that Defendant's pre-screening test had a disparate impact on African American job applicants. Because Plaintiff alleged no facts in his EEOC charge of discrimination placing Defendant on notice of a disparate impact claim, Plaintiff did not exhaust his administrative remedies. See Pointer, 105 Fed. Appx. at 120 ("Although charges of discrimination filed by *pro se* litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised."). Accordingly, Plaintiff's disparate impact claim is dismissed.

**B. Plaintiff's motion for sanctions**

In response to Defendant's motion for partial summary judgment, Plaintiff filed a motion "to stop Defendant from using the Enbanc [sic] Order to impose sanctions against him[.]" [ECF No. 22] Plaintiff further requests sanctions "be placed on Defendant for malicious prosecution" because Defendant's motion for partial dismissal referenced other cases filed by Plaintiff which "ha[ve] nothing to do with our case before the court."[3] [Id.] Defendant opposes Plaintiff's

---

[3] Plaintiff bases his motion for sanctions upon a footnote in Defendant's motion for partial dismissal. The footnote states: "Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court who had previously been banned from filing any civil action without leave of Court. See Pointer v. Kennedy, Case No. 4:18-CV-2134-RLW, Jan. 29, 2019 Order; see also In re: Charles Pointer, Case No. 4:05-CV-484, Nov. 17, 2005 En Banc Order; In re Charles Pointer, Case No. 4:05-mc-0065-RWS, Sept. 3, 2009 En Banc Order." [ECF No. 19 at 1 n.2]

motion for sanctions because Defendant "has engaged in no sanctionable action or prosecution at all against Plaintiff let alone 'malicious prosecution.'" [ECF No. 25]

Defendant's statement that Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this court is not improper and, in fact, has been noted by the Eastern District. See Pointer v. City of St. Louis, 4:18-CV-1080-AGF, 2019 WL 2716180, at *1 (E.D. Mo. June 28, 2019) ("Plaintiff is a frequent filer of litigation, much of which has been previously determined to have been frivolous and malicious."); Pointer v. Kennedy, 4:18-CV-2134-RLW, 2019 WL 356613, at 1 (E.D. Mo. Jan. 29, 2019) (Plaintiff "is a frequent *pro se* and *in forma pauperis* litigator in this Court"); see also In re Pointer, 4:05-MC-658-RWS, 2005 WL 3159570 (E.D. Mo. Nov. 17, 2005) ("November 2005 En Banc Order") (collecting twenty-three cases filed by Plaintiff). Defendant's statement that the Eastern District "previously…banned [Plaintiff] from filing any civil action without leave of Court" is likewise accurate.[4] [ECF No. 19 n. 2] See November 2005 En Banc Order.

Plaintiff's claim of malicious prosecution also fails. Under Missouri law, a claim for malicious prosecution requires, among other elements "commencement of an earlier suit against plaintiff." Zike v. Advance Am. Cash Advance Ctrs. of Mo., Inc., 646 F.3d 504, 509 (8th Cir. 2011) (citing State ex rel. Police Ret. Sys. of St. Louis v. Mummert, 875 S.W.2d 553, 555 (Mo.

---

[4] The Eighth Circuit vacated the November 2005 En Banc Order because it "may be overly broad" and was issued "without giving Pointer notice and any opportunity to be heard." In re Charles Pointer, 345 Fed.Appx. 204 (8th Cir. 2009). In response, the Eastern District entered an en banc order in September 2009 providing Plaintiff "notice of its intent to restrict Pointer's ability to file future civil actions in this Court" and ordering Plaintiff to "show cause why a pre-filing injunction should not be entered against him." In re Pointer, 4:05-MC-658-RWS, ECF No. 29 (E.D. Mo. Sept. 3, 2009). Plaintiff failed to respond to the Court's order and the Court had not yet entered an en banc order formally prohibiting Plaintiff from filing future lawsuits. See Pointer v. City of St. Louis, 4:18-CV-1080-AGF, 2019 WL 2716180, at *2 (E.D. Mo. June 28, 2019).

banc 1994)). Defendant has alleged no claims against Plaintiff, much less commenced a suit against him. Plaintiff's motion for sanctions is denied.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion for partial dismissal [ECF No. 19] is **GRANTED.** Plaintiff's claims for race discrimination, disparate treatment, and disparate impact are **DISMISSED.**

**IT IS FINALLY ORDERED** that Plaintiff's motion for sanctions [ECF No. 22] is **DENIED.**

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of July, 2019